# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **CAROL PREYER** § | |
| § | |
| *Plaintiff* § | |
| § | |
| V. § | CAUSE NO. _____ |
| § | |
| **LITTLE CAESARS** § | |
| **ENTERPRISES, INC.** § | |
| § | |
| *Defendant* § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Carol Preyer, Plaintiff herein and respectfully file this their Plaintiff's Original Complaint against Defendant Little Caesar Enterprises, Inc., and would respectfully show unto the Court the following:

### I. NATURE OF THE CASE

1. This is a lawsuit brought by Plaintiff Carol Preyer, business invitee, for her very severe physical injuries caused by Defendant's employee at the Little Caesars Pizza located at 1501 Midwestern Parkway, Wichita Falls, Texas 76301.

### II. PARTIES

2. Plaintiff Carol Preyer (hereinafter referred to as "Plaintiff") is a resident of the state of Texas and resides in Wichita County, Wichita Falls, Texas.

3. Defendant Little Caesar Enterprises, Inc., is a Michigan corporation authorized to do business in Texas. The Defendant may be served by servings its registered agent for the state of Texas, C T Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

### III.  JURISDICTION AND VENUE

4. Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C. § 1332(a)(1) in that the matter in controversy exceeds the sum of $75,000.00 and is between citizens of different states.

5. Venue is proper in the United States District Court for the Northern District of Texas, Dallas Division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this lawsuit occurred in Wichita County, Wichita Falls, Texas, which is within the Northern District of Texas. Moreover, pursuant to 28 U.S.C. § 1391(d), the Defendant's agent for service of process is located in the Dallas Division of the Northern District of Texas.

### IV.  FACTS

6. On or about May 6, 2022, the Plaintiff was visiting the Little Caesars Pizza located at 1501 Midwestern Parkway, Wichita Falls, Texas 76302, to purchase two pizzas. When the Plaintiff was given her pizzas, she noticed that they were smaller in size then what she ordered. The Plaintiff asked Defendant's cashier employee why the pizzas were smaller, and the cashier stated, "that is how it is made." The Plaintiff then asked to speak to the Defendant's manager, Beatrice Villalvazo, who echoed the cashier, and an argument ensued. The Plaintiff then decided to take her pizzas and leave, but as she was walking out of the Little Caesars Pizza, Defendant's manager, Beatrice Villalvazo, grabbed the Plaintiff from behind and threw her to the ground and kicked her while she was on the ground. Eventually, the Defendant's manager was separated from the Plaintiff and the Plaintiff was discussing the incident with another one of Defendant's employees. Then, as the Plaintiff was once again trying to leave the Defendant's premises, Defendant's manager, Ms. Villalvazo, reengaged and threw a cup of liquid on the back of the Plaintiff.

7. The altercation injured the Plaintiff's neck, back, right arm, right and left leg and she continues to receive medical treatment as a result of her fall.

8. The impact caused Plaintiff to suffer serious bodily injuries and mental anguish.

## V. CAUSES OF ACTION

9. Plaintiffs respectfully incorporate by reference all of the factual allegations and assertions made in paragraph IV above as if set out word for word into each of the causes of action set out below.

**A.   Negligence**

9. On the occasion in question, the Defendant and/or its agents, officers, servants, employees, or representatives had a legal duty to exercise reasonable care to protect business invitees of Defendant's Little Caesars Pizza. By negligently hiring violent employees, by failing to properly train their employees to appropriately interact with its customers, by failing properly supervise their employees to prevent violent interactions with customers, the Defendant breached that legal duty, and such breach was a direct and proximate cause of Plaintiff's very severe injuries.

10. Defendant and/or its agents, officers, servants, employees, or representatives failed to exercise that degree of care which would have been prudent for an owner and operator of any such banking establishment under the same or similar circumstances and such failure to exercise ordinary prudence was a proximate and producing cause of injuries to the Plaintiff on the occasion in question.

11. Defendant's tortious conduct and omissions were a proximate cause of Plaintiff's damages as set out in Paragraph VI below.

## VI. DAMAGES

12. Plaintiffs respectfully incorporate all of the factual allegations and assertions in paragraph IV and the causes of action set out in paragraph V as if set out word for word in paragraph VI.

A. **Actual Damages**

13. The Plaintiff Carol Preyer suffered actual damages as a proximate cause of the tortious conduct described above, as follows:

   a. Physical pain and mental anguish sustained in the past;

   b. Physical pain and mental anguish that, in reasonable probability, Plaintiff will sustain in the future;

   c. Loss of earning capacity sustained in the past;

   d. Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future;

   e. Disfigurement sustained in the past;

   f. Disfigurement that, in reasonable probability, Plaintiff will sustain in the future;

   g. Physical impairment sustained in the past.;

   h. Physical impairment that, in reasonable probability, Plaintiff will sustain in the future;

   i. Medical care expenses incurred in the past; and

   j. Medical care expenses that, in reasonable probability, Plaintiff will incur in the future.

14. As a result of Defendant's negligence, Plaintiff is entitled to recover the actual damages listed above.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**WHEREFORE PREMISES CONSIDERED**, the Plaintiff Carol Preyer prays for the Court to award the Plaintiff actual damages in an amount sufficient to fairly compensate the Plaintiff as provided by law and for both pre-judgment and post judgment interest, and for court costs and for such other and further relief as this Honorable Court may deem appropriate under the circumstances.

Date: January 20, 2023

Respectfully submitted,

**KIRK LAW FIRM, PLLC**

/s/ Dana G. Kirk
DANA G. KIRK
Federal ID No. 6111
Texas Bar No. 11507500
kirk@kirklawfirm.com
440 Louisiana Street, Ste. 2425
Houston, Texas 77002
713-651-0050 office
713-651-0051 fax
*Service email: eservice@kirklawfirm.com*

**ATTORNEY FOR PLAINTIFF
CAROL PREYER**